[No. 1539.]

DINK AUSTIN v. THE STATE.

1. PRACTICE—CONFESSIONS—EVIDENCE.—In the absence of any statutory provision controlling the question, the application of a defendant for a continuance, filed at a former term of the court, which application set up a material fact to be proved by the State, would, under the common law, be held admissible against him on his trial as a judicial admission or confession; but where a statutory provision controlling the question exists, it must be considered as solely regulated by such statute.

2. SAME.—Article 750 of the Code of Criminal Procedure provides: "The confession shall not be used if, at the time it was made, the defendant was in jail or other place of confinement, nor while he is in custody of an officer, unless such confession be made in the voluntary statement of the accused, taken before an examining court in accordance with the law; or be made voluntarily, after having been first cautioned that it may be used against him," etc.

3. SAME.—A confession is defined as "The voluntary declaration made by a person who has committed a crime or misdemeanor, to another, of the agency or participation which he had in the same. An admission or acknowledgment by a prisoner, when arraigned for an offense, that he committed the crime with which he is charged."

4. SAME.—It is not necessary, in order to make a statement a confession within the meaning of the statute, that it should be a direct acknowledgment of the defendant's guilt. The rule is, that "when the confession of a defendant to the main fact in issue would not be admissible, it is, as a general rule, inadmissible to permit confessions of collateral facts, by which it was necessary to establish the main facts."

5. SAME—CASE STATED.—In a prosecution for the theft of a heifer, it became necessary for the State, in order to secure a conviction, to show the defendant to have been in possession of the animal. There was a total absence of direct evidence to show that the stolen animal had ever been in the possession of the defendant, or that defendant had been in any wise connected with the taking. In order to supply this testimony, the State, over defendant's objection, was permitted to introduce his application for a continuance, filed at a previous term of the court, when he was first arraigned for the offense, wherein he admitted his possession and set up his purchase of the same, and asked for time to procure witnesses to prove such purchase. *Held*, that the statements in the application for a continuance must be treated as being within the meaning of confessions, and, being made while in custody, were clearly inadmissible.

APPEAL from the District Court of Ellis. Tried below before the Hon. G. N. Aldredge.

The indictment charged the appellant with the theft of a heifer, the property of James Farrar, in Ellis county, Texas, on the first day of August, 1882. The punishment imposed by a verdict of guilty was a term of four years in the penitentiary.

The opinion of the court sets up the evidence in sufficient detail.

*Anderson & Jackson* for the appellant: The testimony being all circumstantial, and wholly insufficient to connect the defendant with the offense, it was important on behalf of the State that evidence of the defendant's possession of the stolen property should be produced. Whether his statements are sufficient for that purpose is not important, if our objection to their introduction is well taken.

Our Code of Criminal Procedure has laid down in very clear and plain language the rule by which the admissibility of a prisoner's statements or confessions are to be tested: "The confession shall not be used if, at the time it was made, the defendant was in jail, or other place of confinement, nor while he is in custody of an officer, unless such confession be made in the voluntary statement of the accused, taken before an examining court in accordance with law, or be made voluntarily after having been first cautioned that it may be used against him, or unless in connection with such confession he make statement of facts or of circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or instrument with which he states the offense was committed." (Art. 750, Code Crim. Proc.)

Defendant's application for continuance shows that at the time it was made he was in jail. But independent of this fact, the rule is well settled that where the statements of the prisoner are offered in evidence by the State, the burden of showing that they were voluntarily made is upon the prosecution, and that fact must appear affirmatively. (*Cain* v. *The State,* 18 Texas, 389; *Green* v. *The State,* 31 Texas, 134; Greenl. Ev., 214, *et seq.*; *Lopez* v. *The State,* 12 Texas Ct. App., 27.)

It is not denied by appellant's counsel that if defendant had made statement of facts or circumstances that were found to be true, and which conduced to establish his guilt, such statement or confession would come within the exception laid down, and would be admissible; but, instead of this, the testimony of M. T.

Robinson and Henry Gillespie, witnesses for the State, show that defendant's statements were absolutely false.

It may be contended that, because the law authorized making of said application, and its verification in writing by the defendant, it therefore becomes an exception to the rule which controls the introduction of confessions; but we believe that there is no authority or reason for such a proposition. It may be and often is the case, that written statements are much more satisfactory as a means of proof than oral expressions, but there is believed to be no distinction between them as regards their admission as evidence. Even if perjury can be assigned upon a false affidavit for a continuance, still it cannot be offered as a reason why the prisoner should be denied any right that is guaranteed him by the law of the land.

Whether defendant's statements are construed to be a confession of the main fact or only of a collateral one, is immaterial, as the law governing them is the same. In the case of *Haynie* v. *The State*, 2 Texas Court of Appeals, 174, the court use this language: "Now it is clear that, under the circumstances detailed, had the defendant plainly, positively and unequivocally admitted and confessed to Rush that he had written and was the author of the letter to Foster, Rush could not have testified to that admission or confession. Why ? Because the defendant, at the time it was made, was in custody. If, then, he could not have testified to a confession directly admitting the *corpus delicti*, how could his confession of a collateral matter, going to establish a matter directly connected with the *corpus delicti*, and essential to its proof, be admissible in evidence against him ? The distinction between the two is not perceived."

The uniform decisions of our courts are to the effect that a confession, to be competent evidence, must have been freely made, without compulsion or persuasion, and whether so made or not is a question that must be shown affirmatively by the State; and since she failed to show that the confession was voluntary, we insist that there was no authority of law for the introduction of defendant's application for a continuance, alleged to contain the confession.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. This appeal is from a conviction for the

theft of a heifer, and the punishment assessed against the defendant is four years confinement in the penitentiary.

Upon the trial of the case, the State, over the objections of the defendant, read in evidence the defendant's application for a continuance, made at a former term of the court. This action of the court is assigned as error, upon a proper and explicit bill of exceptions, and is the only error complained of which we shall consider, as the other errors assigned will not, even if tenable, be likely to occur on another trial of the case.

We are of the opinion that the court erred in admitting in evidence the defendant's application for a continuance, and that the error was a material one, for which the judgment must be reversed.

That the question may be properly understood, we must state, substantially at least, the facts of the case, and the bearing upon those facts of the facts stated in the application for a continuance referred to.

In August, 1882, James Farrar owned a heifer, which ranged two or three miles below Palmer, in Ellis county. This heifer was of a red color, half Durham, with peculiar horns, rather small, and turned a little down and toward each other. She was missing from the range about the first of August, 1882, and has not been seen since, though diligently searched for. The defendant, in company with one Milton, was seen near the heifer shortly before she was missing. Milton afterwards left the country. Defendant and Milton were then living with one Myers, and said Myers has also left the country. Next morning after witness saw Milton and defendant near the heifer, he, the witness, got some fresh beef from Myers, at whose house defendant was staying, and he, witness, missed the heifer from the range on that same day. On the next day after the alleged theft, the head of a dead animal, identified as the head of the alleged stolen heifer, was found at the residence of said Myers, near Myers's house, in the brush, having the appearance of the head of an animal which had been recently killed. On the day before the finding of this head, the defendant was seen in the town of Palmer selling fresh beef, which was in good order.

We have recited substantially all the testimony which tends to connect the defendant with the theft of the heifer.

In the application for continuance, made by defendant at a previous term of the court, and which was read in evidence against him on the trial, it was stated that he desired the testi-

mony of one M. T. Robinson, and expected to prove by said Robinson that he, the said Robinson, sold to defendant the heifer that he, defendant, is charged with stealing; also, that he desired the testimony of four other absent witnesses, naming them, by whom he expected to prove that he purchased said heifer from said Robinson.

Defendant's bill of exceptions shows that this testimony was objected to for the following reasons, to-wit: 1. It was not pertinent to the case. 2. It was made while the defendant was under arrest. 3. It did not contain any allegation of fact which was pertinent to the allegations in the indictment. We will only consider the second ground of objection, that the statements in the application for continuance were made while the defendant was under arrest.

Was the application for a continuance admissible in evidence against the defendant? In the absence of any statutory provision controlling the question, we should hold that under the common law the paper would be admissible as a judicial admission or confession, provided it contained matter relevant to the issue in the case. (1 Greenl. Ev., sec. 37; Whar. Crim. Ev., secs. 638, 643, 664 and note.)

But we must consider and determine this question solely with a view to the provision of our Code which relates to the confessions of a person accused of crime. That provision is as follows: "The confession shall not be used if, at the time it was made, the defendant was in jail or other place of confinement; nor while he is in custody of an officer, unless such confession be made in the voluntary statement of the accused, taken before an examining court, in accordance with law; or be made voluntarily, after having been first cautioned that it may be used against him," etc. (Code Crim. Proc., Art. 750.)

Now the first inquiry to be determined is, are the statements made by the defendant in his said application for a continuance to be regarded and treated as confessions? What is a confession? Mr. Bouvier defines it as follows: "The voluntary declaration made by a person who has committed a crime or misdemeanor, to another, of the agency or participation which he had in the same. An admission or acknowledgment by a prisoner, when arraigned for an offense, that he committed the crime with which he is charged." (Bouvier's Law Dictionary, word "Confession.")

It is true that the statements contained in said application are

not direct and explicit confessions or admissions on the part of
the defendant that he committed the theft or participated in its
commission.   Nor is it necessary, in order to make the state-
ment a confession within the meaning of the statute, that it
should be a direct acknowledgment of the defendant's guilt.
As was said in *Haynie* v. *The State*, 2 Texas Court of Appeals,
168: " When the confession of a defendant to the main fact in
issue would not be admissible, it is, as a general rule, inadmissi-
ble to permit confessions of collateral facts, by which it was
necessary to establish the main facts."  .

In the case before us, suppose the defendant had filed in the
cause a written instrument, sworn to by him, admitting directly
that he was guilty of the charge contained in the indictment,
could such instrument be used in evidence against him, *per se*,
on his trial, over his objections?   Clearly it could not, in our
opinion, he being at the time in custody, and not warned that
the same might be used in evidence against him.   If, then, a
full confession could not be used against him, we can perceive
no reason why a partial one, or one which admits facts neces-
sary to establish his guilt, should be admissible.   In this case,
the defendant did not acknowledge his guilt or complicity in the
theft charged, in the statements made by him in the application
for a continuance, but he did state facts therein, which facts it
was necessary for the State to prove in order to connect him
with the theft.   Thus, the State had failed to prove that he ever
had possession of the alleged stolen animal, or that he was in any
way connected with the taking of it.   In his application for con-
tinuance, which was made evidence against him on the trial, he
alleged that he had possession of the animal, and accounts for
that possession by stating that he had purchased the animal
from Robinson, and expected to prove said purchase by Robin-
son and the other absent witnesses.   By these statements he
supplies a most material portion of the testimony, on the part of
the State, required to establish his guilt.   In fact, without these
statements, the evidence would be wholly insufficient to support
a conviction.

We are of the opinion that the statements in the application
for a continuance must be regarded and treated as being within
the meaning of confessions; and, such being the case, they were
clearly inadmissible.

There can be no question either as to the prejudicial effect of
this testimony against the defendant, especially when it was

proved by Robinson and another one of the witnesses named in the application for a continuance that the defendant did not purchase the alleged stolen animal from Robinson, as stated in said application.

Because the court erred in admitting in evidence against defendant his application for continuance, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 6, 1884.